[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Charles L. Conant III and Robin A. Conant, commenced this action against the defendant, Sandra Fidalgo, on June 21, 2001. The Conants filed a two count complaint for property damage allegedly caused by Fidalgo while leasing the property owned by the Conants and located at 130 Ruden Street, West Haven, Connecticut. Count one alleges that Fidalgo wilfully or negligently damaged portions of the dwelling unit. Count two further alleges that Fidalgo owes rent which was due on September 15, 2000, in the amount of $500 and on October 1, 2000, in the amount of $523. The Conants seek money damages, costs, interest, and attorney's fees. Fidalgo denies all of the allegations in the complaint.
On or about August 23, 1996, the Conants and Fidalgo entered into a written one year lease agreement to commence on September 1, 1996 through August 31, 1997;[1] (Plaintiffs' Exhibit A.); thereupon Fidalgo, with her four children and one grandchild, occupied the house.
The Conants brought a summary process action against Fidalgo and, subsequently, she was evicted. In October of 2000, the Conants regained possession of the premises. Subsequently, the Conants filed the present action against Fidalgo seeking damages for the expenses incurred in repairing the premises as well as unpaid rent and attorney's fees. This matter was heard by the court, Harper, J., on January 4, 2002.
 DISCUSSION
General Statutes § 47a-11 (f) states in pertinent part that "[a] tenant shall . . . not wilfully or negligently destroy, deface, damage, impair or remove any part of the premises or permit any other person to do so. . . ." "The mere fact of damage does not create liability. Proof of wilful or negligent damage requires evidence by the landlord who has the burden of proof on all elements of a damage claim. The plaintiff must not only prove the source of the damage but that it exceeded normal wear and tear." Gerardi v. Blass, Superior Court, judicial district of Litchfield at Bantam, Docket No. 185836 (June 18, 1999, Sheedy, J.).
"A tenant is not liable for damage existing when he moved in. . . . Nor is he liable for `normal' or reasonable wear and tear. . . . In general, wear and tear — as distinct from property damage — is deterioration of property over and above that to be expected from normal CT Page 5521-w usage. It includes normal cleaning and polishing and repainting at the end of a tenancy." (Citations omitted.) Id.
"Property damage may be measured by repair cost or value. Replacement cost is not usually allowed. Thus, if a tenant destroys a carpet, his liability must be adjusted for the age and condition of the carpet since the tenant is liable only for lost value. . . . If damage is repaired as part of a larger repair or improvement job, the tenant is liable only for that portion of the repair caused by his wilful or negligent conduct and the landlord's evidence must provide a method by which the court can determine the appropriate allocation to the tenant." (Citation omitted.) Id.
In count one of the complaint, the Conants allege that Fidalgo "willfully or negligently destroyed, defaced, damaged, impaired or removed various portions of the dwelling unit, the contents thereof, the driveway and land of said property. . . ." (Complaint, Count one, ¶ 3.) In support of this allegation, the plaintiff, Charles Conant, testified that the house was infested with roaches and that the appliances had to be removed and the carpets had to be torn up because of the infestation. (Transcript, pp. 4-5). This plaintiff also testified that screens were damaged and that there was "dog feces all over the floor" of the front porch. (Transcript, p. 5.) "Pretty much the house was in total disrepair." (Transcript, p. 5.) In further support of the allegation of property damage, the Conants submitted an affidavit of debt, including an itemization of expenses totaling $14,452.39.
In their itemization, the Conants include expenses for gas, food, highway tolls, and motel.[2] The Conants, however, have provided the court with no authority to support their claim that Fidalgo is liable for these expenses and, therefore, the court finds that Fidalgo is not liable for these expenses.
The Conants also seek to recover the cost of a new stove, refrigerator, screens, and a weed — wacker. According to the testimony of Charles Conant, the stove and refrigerator had to be replaced because they were infested with roaches. (Transcript, p. 5.) Charles Conant further testified that all the screens were damaged. (Transcript, p. 5.) There was no testimony regarding the weed wacker, but the Conants included a weed wacker in their itemization of damages, indicating that Fidalgo broke this item.
Ordinarily, the replacement cost is not recoverable. In the present case, however, under the terms of the lease, if the tenant defaults, the CT Page 5521-x landlord has "the right to make repairs and charge [tenant] for the cost." (Plaintiffs' Exhibit A.) Therefore, the court finds that Fidalgo is liable for the cost of the new stove, refrigerator, screens, and a weed wacker.
The Conants also seek to recover $125 for lawn service and $293.88 for a water bill. Under the terms of the lease, Fidalgo was responsible for lawn and ground care and water. Accordingly, the court finds that Fidalgo is liable for the lawn service expenses and the water bill.
With respect to the extermination expenses, the section 8 lease states that "[e]xtermination services will be provided by the Lessor as conditions require." (Plaintiffs' Exhibit A.) "When a landlord agrees to rent to a section 8 recipient, he must agree to the terms of the program and incorporate the section 8 lease addendum into the lease with the tenant." Commission On Human Rights v. Sullivan Associates, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 002569 (June 8, 1998, Cocco, J.) Therefore, the provision contained in the section 8 lease regarding the Conants' duty to provide extermination services was incorporated into the initial lease between the Conants and Fidalgo. Furthermore, Fidalgo testified that there were roaches in the house and that "when [she] called Charles to come out [she] could never get in touch with him." (Transcript, p. 20.) Accordingly, the court finds that Fidalgo is not liable for the extermination expenses.
The Conants also submitted evidence of restoration expenses in the amount of $7221.23 and $1654.97 for materials. The evidence also reveals that there were expenses for plumbing, floor refinishing, painting, and various other repairs. The photographs submitted by the Conants establish that there was significant damage to the property. The testimony of Fidalgo, however, establishes that there were problems with the ceilings leaking in the kitchen and the bedroom approximately six months after Fidalgo moved in. (Transcript, pp. 12-13.) While the extensive water damage did not result from normal wear and tear, the court finds that Fidalgo should not be liable for the water damage when it is undisputed that the Conants were aware of the problem.[3] In addition, the court rejects the other alleged restoration expenses because the Conants have not met their burden of providing the court with a method to determine which expenses are attributable to Fidalgo's negligent conduct and which expenses are attributable to normal wear and tear.[4]
Based upon the evidence presented, the court finds that Fidalgo is liable for the following damages:[5]
CT Page 5521-y
 Stove: $ 533.93 Refrigerator: $ 673.03 Screens: $ 287.50 Weed wacker: $ 135.89 Lawn service: $ 125.00 Water bill: $ 293.88
Total damages: $2049.23
In addition to the above damages, the Conants are also seeking unpaid rent. Charles Conant testified that Fidalgo owes $500 for September, 2000 and $523 for October, 2000. (Transcript, p. 6.)
The Conants are also seeking attorney's fees and costs. The housing authority lease signed by the Conants and Fidalgo states that there is an "[a]greement by the tenant to pay the owner's attorney fees or other legal costs even if the tenant wins in a court proceeding by the owner against the tenant. However, the tenant may be obligated to pay costs if the tenant loses."[6] (Plaintiffs' Exhibit A.) Therefore, the court finds that Fidalgo is liable for the Conants' attorney's fees in the amount of $969.
Finally, the Conants are seeking interest for one year under General Statutes § 37-3a.[7] "It is clear that Connecticut case law establishes that prejudgment interest is to be awarded if, in the discretion of the trier of fact, equitable considerations deem that it is warranted. . . ." (Citation omitted; internal quotation marks omitted.)Aubin v. Miller 64 Conn. App. 781, 798, 781 A.2d 396 (2001). "A trial court must make two determinations when awarding compensatory interest under § 37-3a: (1) whether the party against whom interest is sought has wrongfully detained money due the other party; and (2) the date upon which the wrongful detention began in order to determine the time from which interest should be calculated. . . ." (Citations omitted; internal quotation marks omitted.) Rapin v. Nettleton, 50 Conn. App. 640, 651,718 A.2d 509 (1998).
In the present case, this court need not determine the date from which the wrongful detention began because the Conants are only requesting interest for one year.[8] The court finds that Fidalgo has wrongfully detained the unpaid rent and damages due the Conants. Accordingly, the court finds that an award of prejudgment interest is warranted in this case and, therefore, the Conants are awarded interest for one year. CT Page 5521-z
 CONCLUSION
The court concludes, for the reasons discussed above, that judgment is to enter in favor of the Conants as follows:
 Total damages: $2049.23 Rent: $1023.00 Interest: $ 307.22 Attorney fees: $ 969.00
Total judgment: $4348.45
THE COURT,
Lubbie Harper, Jr., Judge